Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GERARDO CRUZ and PABLO ORDAZ

                *Plaintiffs*,

       -against-

ENTREE CORP., LAWRENCE EXTERIOR
RESTORATION CORP., TOMASZ
SLESZYNSKI, and LOOMIS LINGREN.

              *Defendants.*

---------------------------------------------------------X

**Case No.**   25-cv-905

**COMPLAINT**

**JURY TRIAL DEMANDED**

     GERARDO CRUZ and PABLO ORDAZ ("Plaintiffs") by and through their attorney,

Colin Mulholland, Esq., and as against, Entree Corp., Lawrence Exterior Restoration Corp.,

Loomis Lingren and Tomasz Sleszynski (collectively, "Defendants"), allege as follows:

**NATURE OF THE ACTION**

    1.    Plaintiffs were jointly employed by TOMASZ SLESZYNSKI and his corporation

ENTREE CORP. as well as LAWRENCE EXTERIOR RESTORATION CORP. and LOOMIS

LINGREN.

    2.    Plaintiffs were employed as construction workers for the Defendants' construction

business in New York.

    3.    At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess

of 40 hours per week, without appropriate minimum wage and overtime compensation for the

hours they worked each week.

4.    Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours per day.

5.    Plaintiffs now bring this action for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7.    Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiffs were employed by Defendants in this district.

## THE PARTIES

8.    Plaintiff GERARDO CRUZ ("Plaintiff GERARDO CRUZ") is an adult individual residing in Kings County, New York.

9.    Plaintiff PABLO ORDAZ ("Plaintiff PABLO ORDAZ") is an adult individual residing in Kings County, NY.

10.    ENTREE CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 206 Meserole Avenue Brooklyn, NY 11222.

2

11. LAWRENCE EXTERIOR RENOVATION CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 15044 11th Ave Whitestone, NY 11357-1806.

12. Defendant TOMASZ SLESZYNSKI is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant TOMASZ SLESZYNSKI is sued individually in his capacity as an employer and, on information and belief, an owner, officer and/or agent of Defendant Corporations.

13. Defendant TOMASZ SLESZYNSKI possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

14. Defendant TOMASZ SLESZYNSKI . is the CEO of Entree Corp. and the controlling shareholder of the closely held corporation.

15. Defendant TOMASZ SLESZYNSKI had the authority to hire and fire employees, and did in fact hire and fire each Plaintiff.

16. Defendant TOMASZ SLESZYNSKI set pay rates for employees, he had the authority to set schedules and he assigned work tasks to employees, *inter alia*, and directly mandated the unlawful pay practices at issue in this lawsuit

17. Defendant TOMASZ SLESZYNSKI assigned job sites to the Plaintiff, and other employees, along with each day's tasks.

18. Defendant TOMASZ SLESZYNSKI controlled Plaintiffs' payment.

19. Defendant TOMASZ SLESZYNSKI had the authority and power to enter into leases and business contracts on behalf of the Defendants in the operations of the construction company where Plaintiffs worked by virtue of his role as the CEO.

3

20.    Defendant TOMASZ SLESZYNSKI was the final word on decisions in the company and endorsed the pay practices executed by his managers.

21.    Defendant LOOMIS LINGREN is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant LOOMIS LINGREN is sued individually in his capacity as an employer and, on information and belief, an owner, officer and/or agent of Defendant Corporations.

22.    Defendant LOOMIS LINGREN possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

23.    Defendant LOOMIS LINGREN is the vice president of Lawrence Exterior Renovation Corp.

24.    Defendant LOOMIS LINGREN had the authority to hire and fire employees.

25.    Defendant LOOMIS LINGREN had the power to set pay rates for employees, he had the authority to set schedules and he assigned work tasks to employees, *inter alia*, and ratified the pay practices at issue in this action.

26.    Defendant LOOMIS LINGREN had the authority and power to enter into leases and business contracts on behalf of the Defendants in the operations of the construction company where Plaintiffs worked by virtue of his role as a corporate officer.

**FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

27.    Defendants are associated and joint employers, act in the interest of each other with respect Entree Corp. and Lawrence Exterior Restoration Corp.

28.    Defendants shared common operations and acted jointly in the operation Entree Corp. and Lawrence Exterior Restoration Corp

29.    Each Defendant possessed substantial control over Plaintiffs' working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

30.    Defendants jointly employed Plaintiff within the meaning of 29 U.S.C. § 201 *et seq*. and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiff.

32.    The Defendants constitute a single integrated enterprise and have employees selling, handling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

33.    Defendants willfully and malicious failed to pay Plaintiffs properly by deliberately failing to maintain proper records for Plaintiffs' hours in a conscious effort to thwart the Plaintiffs' from vindicating their rights under the federal and New York State labor laws, inter alia.

34.    Defendants had received complaints from Plaintiff and other similarly situated employees regarding their failure to pay overtime and willfully refused to correct their violations.

35.    At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.

36.    In each year from 2019 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.    In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, most if not all of the lumber, cement, power tools, compound and other supplies were produced outside of New York State.

38.    Defendants employed more than 11 employees per year during the relevant time period.

39.    Plaintiffs were individually involved in interstate commerce.

*Plaintiff GERARDO CRUZ*

40.    Plaintiff GERARDO CRUZ was employed by Defendants from approximately October 2013 until the end of April 2022.

41.    Throughout his employment with defendants, Plaintiff GERARDO CRUZ was employed by Defendants as a construction worker and general laborer.

42.    Over the course of his employ, Plaintiff's duties included such diverse tasks as framing, scaffolding, mixing compound, hanging sheetrock along with other construction tasks depending on the job.

43.    Plaintiff GERARDO CRUZ regularly handled goods produced in interstate commerce, such as compound, power tools, lumber, lumber, saws, screws and other supplies produced outside the state of New York.

44.    Plaintiff GERARDO CRUZ regularly interacted with interstate businesses through the operations of the warehouse.

45.    Plaintiff GERARDO CRUZ' work was supervised and his duties required neither discretion nor independent judgment.

46.    Plaintiff GERARDO CRUZ regularly worked in excess of 40 hours per week.

47.      Throughout his employ, Plaintiff GERARDO CRUZ typically worked in the summer period of April through October between five (5) to six (6) days a week:

    a.  Monday: 8:00 A.M. until 6:00 P.M.

    b.  Tuesday: 8:00 A.M. until 6:00 P.M

    c.  Wednesday: 8:00 A.M. until 6:00 P.M.

    d.  Thursday: 8:00 A.M. until 6:00 P.M

    e.  Friday: 8:00 A.M. until 6:00 P.M

    f.  Saturday: 8:00 A.M. until 6:00 P.M. (two weeks per month)

    g.  Sunday:  Typical Day Off

48.      During the other winter months, Plaintiff typically ended his days at 5:00 P.M.

49.      Defendants paid Plaintiff GERARDO CRUZ an hourly rate with no premium for his overtime hours at the following rates:

    a.  2017: $20

    b.  2018: $20

    c.  2019: $21

    d.  2020: $22

    e.  2021: $23

    f.  2022: $24

50.      No notification was given to Plaintiff GERARDO CRUZ regarding overtime and wages under the FLSA and NYLL.

51.      Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

52.      Defendants never provided Plaintiff GERARDO CRUZ with each payment of

wages a statement of wages, as required by NYLL 195(3).

53.     Defendants never provided Plaintiff GERARDO CRUZ, any notice in English and in Spanish (Plaintiff GERARDO CRUZ' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

54.     Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor his precise hours worked and pay received thus forcing him to rely on his recollection alone and causing him to suffer the prolonged underpayment of wages by the Defendants.

55.     Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiff's ability to document her income and employment history.

### Plaintiff PABLO ORDAZ

56.     Plaintiff PABLO ORDAZ was employed by Defendants from approximately October 2013 until the end of April 2022.

57.     Throughout his employment with defendants, Plaintiff PABLO ORDAZ was employed by Defendants as a construction worker and general laborer.

58.     Over the course of his employ, Plaintiff's duties included such diverse tasks as installing sheetrock, scaffolding, framing, cleaning up jobs sites, mixing compound along with other construction tasks depending on the job.

59.     Plaintiff PABLO ORDAZ regularly handled goods produced in interstate commerce, such as compound, power tools, lumber, lumber, saws, screws and other supplies produced outside the state of New York.

60.     Plaintiff PABLO ORDAZ' work was supervised and his duties required neither discretion nor independent judgment.

61.     Plaintiff PABLO ORDAZ regularly worked in excess of 40 hours per week.

62.     Throughout his employ, Plaintiff PABLO ORDAZ typically worked in the summer period of April through October between five (5) to six (6) days a week:

    a.  Monday: 8:00 A.M. until 6:00 P.M.

    b.  Tuesday: 8:00 A.M. until 6:00 P.M

    c.  Wednesday: 8:00 A.M. until 6:00 P.M.

    d.  Thursday: 8:00 A.M. until 6:00 P.M

    e.  Friday: 8:00 A.M. until 6:00 P.M

    f.  Saturday: 8:00 A.M. until 6:00 P.M. (two weeks per month)

    g.  Sunday:  Typical Day Off

63.     During the other winter months, Plaintiff typically ended his days at 5:00 P.M.

64.     Defendants paid Plaintiff PABLO ORDAZ an hourly rate with no premium for his overtime hours at the following rates:

    a.  2017: $20

    b.  2018: $20

    c.  2019: $21

    d.  2020: $22

    e.  2021: $23

    f.  2022: $24

65.     No notification was given to Plaintiff PABLO ORDAZ regarding overtime and wages under the FLSA and NYLL.

66.     Defendants failed to provide the NYLL annual notice when he was hired or upon each change in his rate of pay.

9

67.     Defendants never provided Plaintiff PABLO ORDAZ with each payment of wages a statement of wages, as required by NYLL 195(3).

68.     Defendants never provided Plaintiff PABLO ORDAZ, any notice in English and in Spanish (Plaintiff PABLO ORDAZ' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

69.     Defendants' failure to provide adequate wage notices and statements prejudiced Plaintiff's ability to monitor his precise hours worked and pay received thus forcing him to rely on his recollection alone and causing him to suffer the prolonged underpayment of wages by the Defendants.

70.     Furthermore, the lack of proper wage documentation thwarts and compromises Plaintiff's ability to document her income and employment history.

**FIRST CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA**

71.     Plaintiffs repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of the FLSA, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

73.     At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

74.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

75.     Plaintiffs were individually engaged in interstate commerce.

76. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77. Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

78. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

79. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of their employment and had the power to determine the rate and method of any compensation in exchange for their employment.

80. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

81. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82. Plaintiffs were individually engaged in interstate commerce.

83. Defendants failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

84. Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

86. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

11

87. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

88. Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89. Plaintiffs were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

90. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

91. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiffs, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

92. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

93. Defendants' failure to pay Plaintiffs the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

94. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

95. Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

96. Defendants failed to provide Plaintiffs with a written notice, in English and in

Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

97.    Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

98.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

99.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

100.    Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants:

(a)    Declaring that Defendants violated the overtime and minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' compensation, hours, wages, and any deductions or credits taken against wages;

(c)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d)    Awarding Plaintiffs damages for the amount of unpaid overtime and minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e)    Awarding Plaintiffs liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime and minimum wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f)    Declaring that Defendants violated the overtime and minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(g)    Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs,

(h)    Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

14

(i)        Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(j)        Enjoining Defendants from future violations of the NYLL;

(k)        Awarding Plaintiffs damages for the amount of unpaid overtime wages, unpaid minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l)        Awarding Plaintiffs unpaid spread of hours pay and liquidated damages and interest;

(m)        Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)        Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 and Article 6 as applicable;

(o)        Awarding Plaintiffs pre-judgment and post-judgment interest as applicable;

(p)        Awarding Plaintiffs the expenses incurred in this action, including costs and attorneys' fees;

(q)        Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)        All such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues triable by a jury.

15

Dated: Astoria, New York
February 17, 2025

By:  */s/ Colin Mulholland*  
Colin Mulholland, Esq.
36-36 33rd Street, Suite 308
Astoria, New York 11106
Telephone: (347) 687-2019
*Attorney for Plaintiffs*

16